Christopher H. Knauf, State Bar No. 185180
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 510
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263
Email: ck@goodlaw.biz

Attorney for Plaintiff Christian Saurin

FILED
12 OCT -5 PM 2:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SAURIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL CITY STUDIOS LLC, a Delaware corporation; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No.: CV12-08586 ODW (SHx)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Americans with Disabilities Act<br>2. Unruh Civil Rights Act<br>3. Blind and Disabled Persons Act<br>4. Unfair Competition Act<br>5. Negligence and Negligence Per Se |

## INTRODUCTION

Plaintiff Christian Saurin hereby alleges the following facts and submits the following claims for relief against Defendants Universal City Studios LLC, and Does 1 through 10:

1. Plaintiff brings his claims against Defendants for their violations of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181 *et seq.*), the Unruh Civil Rights Act (Cal. Civil Code § 51 *et seq.*), the Blind and Disabled Persons Act (Cal. Civil Code § 54 *et seq.*), the Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 *et seq.*), and common law negligence and negligence per se.

2. Plaintiff seeks statutory damages, declaratory relief, as well as preliminary and permanent injunctive relief prohibiting Defendants from unlawfully excluding people with disabilities from their Universal Studios "Halloween Horror Nights" attraction by failing to provide auxiliary transportation service between the nearest public transportation stop and the park entrance. Plaintiff further seeks injunctive relief requiring Defendants to review and modify their written policies, procedures, and employee training regarding auxiliary transportation and other services for their patrons with mobility impairments.

## JURISDICTION AND VENUE

3. As this action arises in part under the Americans with Disabilities Act, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), and has jurisdiction over the claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b), as the events involving Plaintiff occurred in this judicial district.

# PARTIES

5. At all relevant times, Plaintiff Christian Saurin has had a physical impairment that substantially limits his mobility, such that he often requires use of a cane to walk. As such, Mr. Saurin is and has been a person with a disability within the meaning of the Americans with Disabilities Act ("ADA") and California Government Code section 12926. Mr. Saurin resides at all times has resided in the County of Los Angeles.

6. Defendant Universal City Studios LLC, a Delaware corporation ("Universal"), at all relevant times has owned, operated, leased, and/or leased to the amusement park known as Universal Studios (also known as Universal Studios Hollywood), located in the Universal City area of the City of Los Angeles. Universal's amusement park is a place of public accommodation within the meaning of the ADA and a business establishment under California law.

7. The identities of Defendants Does 1 through 10 are unknown at this time. Plaintiff will amend this Complaint when their identities become known.

8. At all relevant times, all Defendants and each of them, were acting in concert with each other and were the agent, principal, subsidiary, representative, alter ego, officer, employer, employee, manager, director, shareholder, partner, co-conspirator, aider and abettor, and fiduciary in proximately causing the injuries and damages alleged herein.

9. At all relevant times, all Defendants and each of them were legally responsible to Plaintiff for each of their co-defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

///

///

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. For at least several years now, Defendants have offered and continue to offer a "Halloween Horror Nights" attraction at Universal Studios during the weeks leading up to Halloween. The attraction is held in the dead of night (after normal park hours) on the premises of Universal Studios amusement park or adjacent thereto. Patrons are required to purchase tickets to attend Horror Nights separate from any other Universal Studios ticket or attraction. Once admitted to the park for Horror Nights, patrons travel the grounds, explore various mazes and haunted houses, and enjoy Defendants' Halloween-related offerings. Horror Nights ends at 2:00 a.m. each evening it is offered.

11. Plaintiff is informed, believes, and based thereon alleges that, during the daytime, Defendants provide a shuttle service between the Lankershim Boulevard public transit stop and the Universal Studios park entrance, which lies at the top of a very long and steep hill. On the evening relevant to this action, Defendants did not offer the same shuttle service for their Halloween Horror Nights patrons.

12. On October 8, 2010, Mr. Saurin and his friend attended Defendants' Horror Nights by using public transportation. After arriving at the bus stop on Lankershim Boulevard, Mr. Saurin and his friend walked to the Universal Studios shuttle depot nearby and waited for Defendants' shuttle to the park entrance. The shuttle never arrived. Mr. Saurin was ultimately informed by two of Defendants' employees that the shuttle did not operate during Horror Nights.

13. Defendants' employees suggested Mr. Saurin call the telephone numbers appearing on a sign at the depot for assistance to the park's entrance. One phone number did not provide any help or information, and the other was for a private taxi company.

14. After exhausting the options provided by Defendants, Mr. Saurin and his guest had little choice but to climb the hill to the amusement park entrance, which was extremely steep and a long distance. Mr. Saurin struggled to reach the top of the hill, and doing so caused him significant strain and pain, and also took a significant amount of time that he would have spent enjoying Horror Nights.

15. At the end of the evening, which was early the next morning, Mr. Saurin and his friend again had to walk back down the hill, when it was very late, the lighting was poor, and there was no shuttle service once again.

16. The walk up and down the hill caused Mr. Saurin significant physical pain, for which he received medical attention.

17. Plaintiff is informed, believes, and based thereon alleges that his individual experience, in which he was denied full and equal access and enjoyment of Defendants' amusement park, is representative of Defendants' overall failure to maintain adequate written policies and procedures and adequate training of employees as to the rights and needs of customers with disabilities, specifically as to auxiliary transportation service for Halloween Horror Nights.

18. Mr. Saurin would like to continue attending Defendants' Horror Nights attraction each year. The pain he experienced on October 8, 2010 causes Mr. Saurin emotional distress when considering whether to attend.

**FIRST CLAIM FOR RELIEF**
**TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12181 *et seq*.**
**By Plaintiff Against All Defendants**

19. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

20. Congress enacted the Americans with Disabilities Act upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious

and pervasive social problem." 42 U.S.C. §12101(a)(2).

21. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1)-(2).

22. Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. §12182(a).

23. The ADA further provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

24. Discrimination under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . ." 42 U.S.C. § 12182(b)(2)(A)(iii).

25. The ADA further prohibits "a failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileged, advantages, or accommodations to individuals with disabilities…" 42 U.S.C. § 12182(b)(2)(A)(ii).

26. The federal regulations implementing Title III of the ADA provide:

"A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." 28 C.F.R. § 36.211 (1999).

27. At all relevant times, Mr. Saurin has been an individual with a disability within the meaning of the ADA.

28. Defendants' amusement park is a "place of public accommodation" within the meaning of the ADA.

29. By failing to provide accessible transportation or accessible auxiliary transportation to the amusement park's entrance, Defendants have violated Title III of the ADA as to Plaintiff.

30. Pursuant to 42 U.S.C. § 12188(a), Plaintiff is entitled to declaratory and injunctive relief, and to recover reasonable attorneys' fees and costs incurred in bringing this action.

### SECOND CLAIM FOR RELIEF
### UNRUH CIVIL RIGHTS ACT
### California Civil Code § 51 *et seq.*
### By Plaintiff Against All Defendants

31. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

32. California's Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability [or] medical condition, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

33. The Unruh Act provides that violations of the Americans with Disabilities Act also constitute violations of the Unruh Act. Cal. Civ. Code § 51(f). As such, Plaintiffs' first claim for relief is expressly incorporated as a

violation of the Unruh Act.

34. Mr. Saurin is a person with a disability within the meaning of the Unruh Act.

35. Defendants' amusement park is a business establishment within the meaning of the Unruh Act.

36. By virtue of the acts and omissions alleged herein, Defendants have violated the Unruh Act.

37. Mr. Saurin is entitled to declaratory and injunctive relief, as well as up to three times his actual damages, but no less than $4,000 per violation, and his reasonable attorneys' fees and costs. Cal. Civ. Code § 52(a).

### THIRD CLAIM FOR RELIEF
### BLIND AND DISABLED PERSONS ACT
### California Civil Code § 54 *et seq.*
### By Plaintiff Against All Defendants

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. The Blind and Disabled Persons Act ("Disabled Persons Act") provides that people with disabilities shall have "full and equal use" of public facilities and other public places, and have the same right as the general public to the full and free use of, *inter alia*, public buildings, public facilities, and other public places. Cal. Civ. Code § 54(a).

40. The Disabled Persons Act further provides: "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . , and privileges of all . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1).

41. Like the Unruh Act, the Disabled Persons Act also incorporates violations of the Americans with Disabilities Act. Cal. Civ. Code § 54(c). As such, Plaintiffs' first claim for relief is expressly incorporated as a violation of the Disabled Persons Act.

42. Mr. Saurin is a person with a disability within the meaning of the Disabled Persons Act.

43. Defendants' amusement park is a public facility and public place within the meaning of the Disabled Persons Act.

44. By virtue of the acts and omissions alleged herein, Defendants denied, interfered with admittance to, and interfered with Plaintiff's enjoyment of their amusement park under California Civil Code sections 54, 54.1 and 54.2.

45. "Interfere" as used herein, includes, but is not limited to, failing to provide equal services or auxiliary services to people with disabilities.

46. By virtue of the acts and omissions alleged herein, Defendants have violated the Disabled Persons Act.

47. Mr. Saurin is entitled to a maximum of three times the amount of Plaintiffs' actual damages, and in no case less than $1,000 per violation, as well as reasonable attorneys' fees and costs. Cal. Civ. Code § 54.3. Mr. Saurin does <u>not</u> seek injunctive relief pursuant to the Disabled Persons Act.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION ACT**
**California Business & Professions Code § 17200 *et seq.***
**By Plaintiff (Individually And On Behalf Of The General Public)**
**Against All Defendants**

48. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

49. Plaintiff brings his Unfair Competition Act claim in his individual capacity and on behalf of the general public.

50. By engaging in the conduct described herein, Defendants have committed acts of unlawful and unfair business practices within the meaning of the Unfair Competition Act and Plaintiff is entitled to restitution.

51. Plaintiff is informed, believes, and based thereon alleges that the unlawful and unfair business practices conducted by Defendants are ongoing and present a threat and likelihood of continuing discrimination against Plaintiff and other members of the general public who may visit Defendants' amusement park on Horror Nights. Accordingly, Plaintiff seeks injunctive and declaratory relief.

52. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff is entitled to recover from Defendants reasonable attorneys' fees and costs incurred in bringing this action.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE AND NEGLIGENCE PER SE
### By Plaintiff Against All Defendants

53. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

54. At all relevant times, Defendants owed a duty of due care to Plaintiff.

55. Defendants breached their duty of due care to Plaintiff by the acts and omissions alleged herein.

56. By their acts and omissions as alleged herein, Defendants violated state and federal statutes and regulations, including but not limited to the ADA, the Unruh Act, and the Disabled Persons Act.

57. Defendants' breach of duty and violations of law proximately caused, and were a substantial factor in causing, Plaintiff's damages as alleged herein. Such damages were reasonably foreseeable to Defendants.

58. Plaintiffs' damages resulted from an occurrence the nature of which the violated statutes and regulations were designed to prevent.

59. At all relevant times, Plaintiff has belonged to the class of persons for

-10-
COMPLAINT

whose protection the statutes and regulations were adopted.

60. By virtue of Defendants' acts and omissions as alleged herein, Plaintiff is entitled to preliminary and permanent injunctive relief and an award of compensatory damages, including exemplary damages, in an amount according to proof.

## PRAYER FOR RELIEF

Plaintiffs hereby pray for judgment against Defendants according to proof on all causes of action, as follows:

1. Plaintiff seeks the following:

   a. For a declaration that Defendants' conduct as alleged herein violated the Americans with Disabilities Act, Unruh Civil Rights Act, Disabled Persons Act, and the Unfair Competition Act;

   b. For appropriate preliminary and permanent injunctive relief pursuant to the Americans with Disabilities Act, Unruh Civil Rights Act, and Unfair Competition Act only.

   c. Treble actual damages, pursuant to Cal. Civ. Code §§ 52.1 and 54.3;

   d. Exemplary damages, pursuant to California Civil Code § 3294;

   e. Attorneys' fees and costs of suit, pursuant to 42 U.S.C. § 12188, California Civil Code §§ 52.1 and 54.3, and California Code of Civil Procedure § 1021.5.

   f. For other just and proper relief as the Court may order.

Dated: October 4, 2012          KNAUF ASSOCIATES

_____
Christopher H. Knauf
Attorneys for Plaintiff Christian Saurin

-11-
COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial.

Dated:  October 4, 2012                    KNAUF ASSOCIATES

_____
Christopher H. Knauf
Attorneys for Plaintiff Christian Saurin

Name & Address:
CHRISTOPHER H. KNAUF, Bar No. 185180
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 510
Santa Monica, CA 90403
Tel: (310) 829-4250; Fax: (310) 622-7263

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CHRISTIAN SAURIN, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. UNIVERSAL CITY STUDIOS LLC, a Delaware corporation; and Does 1-10 inclusive, DEFENDANT(S). | CV12-08586 bDW (SHx) SUMMONS |

TO: DEFENDANT(S): UNIVERSAL CITY STUDIOS LLC, a Delaware corporation; and Does 1-10 inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __CHRISTOPHER H. KNAUF__, whose address is __2001 Wilshire Blvd, Suite 510, Santa Monica, CA 90403__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT - 5 2012

By: __JULIE PRADO__
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)  SUMMONS

Name & Address:
CHRISTOPHER H. KNAUF, Bar No. 185180
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 510
Santa Monica, CA 90403
Tel: (310) 829-4250; Fax: (310) 622-7263

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CHRISTIAN SAURIN, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-08586 ODW (SHx) |
| UNIVERSAL CITY STUDIOS LLC, a Delaware corporation; and Does 1-10 inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): UNIVERSAL CITY STUDIOS LLC, a Delaware corporation; and Does 1-10 inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __CHRISTOPHER H. KNAUF__, whose address is __2001 Wilshire Blvd, Suite 510, Santa Monica, CA 90403__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT - 5 2012

By: _____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>CHRISTIAN SAURIN, an individual | DEFENDANTS<br>UNIVERSAL CITY STUDIOS LLC;<br>DOES 1-10 |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>CHRISTOPHER H. KNAUF, Bar No. 185180<br>2001 Wilshire Blvd, Suite 510, Santa Monica, CA 90403<br>Tel: (310) 829-4250 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title III of the Americans With Disabilities Act (42 U.S.C. Section 12181, et. seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | | | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-00586

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                            CIVIL COVER SHEET                            Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (all defendants) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date Oct. 4, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 8586 ODW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY